Mr. Ronald W. Kilgore Wakulla County Property Appraiser Post Office Box 26 Crawfordville, Florida 32326-0026
Dear Mr. Kilgore:
You have asked for my opinion on substantially the following question:
Is the property appraiser authorized to grant a homestead exemption from taxation under Article VII, section 6 of the Florida Constitution, to a boat?
According to your letter, a request has been made by a taxpayer of Wakulla County for homestead exemption on his property. The taxpayer and his wife reside on a 65-foot boat tied to a dock on the property. The property owner asserts that he owns the real property to the center of the canal upon which his dock and boat float. His boat has residential water and electricity, a phone line, cable, a driveway, a sidewalk and a mailbox and is connected to a sewer line. He also advises you that twice a year he and his wife take the boat for a short cruise. In 1990 you received a property tax administration advisement letter from the Department of Revenue concluding that "[s]ince boats are exempt from local ad valorem taxation by Article VII, s. 1(b) . . . you could not grant the homestead exemption on the floating vessel."[1] You have asked for this office's consideration of the taxability of the taxpayer's boat.
Article VII, section 6(a), Florida Constitution, provides that :
"Every person who has the legal or equitable title to real estate and maintains thereon the permanent residence of the owner, or another legally or naturally dependent upon the owner, shall be exempt from taxation thereon, except assessments for special benefits, up to the assessed valuation of five thousand dollars, upon establishment of right thereto in the manner prescribed by law."[2]
This constitutional homestead exemption is applied to the ad valorem tax assessed against the homeowner.[3]
The rule is that all property is subject to taxation unless expressly exempted, and exemptions are strictly construed against the party claiming them.[4] However, the key factor in determining whether property is taxable has been determined by the courts not to be ownership, but rather to be the use to which the property is put.[5]
Boats or vessels are a form of personal property subject generally to the regulations governing title and ownership of personal property.[6]
Vessels are sold and encumbered as personal property and may be the subject of possessory actions appropriate to personal property.[7]
Article VII, section 1(b), Florida Constitution, specifically exempts boats from ad valorem taxation while recognizing that they are subject to a license tax for their operation as prescribed by law. Every boat registered as is required by the Florida Vessel Registration and Safety Law is exempt from any personal property tax, but is subject to a vessel registration certificate fee pursuant to section 328.68, Florida Statutes.[8]
The boat involved in your inquiry is not subject to ad valorem taxation and cannot, therefore, be exempted from the levy of such a tax. Thus, this boat is not capable of characterization as "real property" for purposes of Article VII, section 6, Florida's homestead exemption from taxation. Such a boat would not be subject to ad valorem taxation and it cannot be argued that the boat can be characterized as "real property" within the scope of the constitutional homestead tax exemption. Indeed, any number of things might accommodate full-time habitation — mobile homes and recreational vehicles among them. Article VII, section 1(b), Florida Constitution, provides that — like boats — motor vehicles, trailers, trailer coaches and mobile homes shall not be subject to ad valorem taxes.
With regard to mobile homes and recreational vehicles, the Legislature has specifically developed a system for the consideration of mobile homes as real property subject to ad valorem taxation and capable of receiving the homestead tax exemption. A mobile home, regardless of its actual use, is subject only to a license tax unless it is classified and taxed as real property.[9] Section 320.015(1), Florida Statutes, provides that a mobile home may be considered real property "only when the owner of the mobile home is also the owner of the land on which the mobile home is situated and said mobile home is permanently affixed thereto." Pursuant to section 193.075(1), Florida Statutes, relating to assessments, a mobile home is permanently affixed "if it is tied down and connected to the normal and usual utilities."[10] These provisions are specifically directed to mobile homes and do not apply to boats.
While a boat may float over land owned by the boat owner, such as in a canal, I cannot conclude that such a boat is permanently affixed to real property under these circumstances. In addition, the taxpayer in this situation has indicated to you that he and his wife take several cruises a year in this vessel, leading to the conclusion that this boat is used for transportation upon the water and is not permanently affixed. Thus, it does not appear that the boat in this case would qualify for a homestead tax exemption pursuant to Article VII, section 6, Florida Constitution.
In sum, it is my opinion that the property appraiser is not authorized to grant a homestead exemption from taxation under Article VII, section 6 of the Florida Constitution to a boat tied to a dock on the subject property, when it is connected to the normal and usual utilities but is used for several cruises during the year.
Sincerely,
Charlie Crist Attorney General
CC/tgh
[1] See Department of Revenue, Property Tax Administration Advisement Letter OPN 90-0012.
[2] And see Art. VII, s. 6(d), Fla. Const., raising the homestead tax exemption to $25,000.00.
[3] See Art. VII, s. 4(c), Fla. Const. 
[4] See 50 Fla. Jur.2d Taxation s. 3:2.
[5] See 50 Fla. Jur.2d Taxation s. 3:1 and cases cited therein.
[6] 7 Fla. Jur. 2d Boats, Ships, and Shipping s. 3 and cases cited therein.
[7] Id.
[8] Supra n. 5.
[9] Section 320.015(1), Fla. Stat.
[10] And see s. 193.075(3), Fla. Stat., providing for the taxation of recreational vehicles as real property.